THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES R. HENDRICKS, Respondent, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Appellant.— In a habeas corpus proceeding, the Superintendent of Matteawan State Hospital appeals from a judgment of the Supreme Court, Dutchess County, dated June 4, 1968, which directed him to transfer petitioner to the custody of the Department of Mental Hygiene. Judgment reversed, on the law, without costs; proceeding dismissed on the merits; and relator remanded to the custody of the Superintendent of Matteawan State Hospital. No questions of fact were considered. On November 19, 1966, relator was transferred from Great Meadow Correctional Institution, where he was serving a sentence as a youthful offender, to Matteawan State Hospital pursuant to section 408 of the Correction Law. He contends that a youthful offender is not a criminal and that commitment of a youthful offender to a mental hospital operated by the Department of Correction is a denial of equal protection of the law. Under section 913-m of the Code of Criminal Procedure a youthful offender may be incarcerated in a reformatory operated under the auspices of the Department of Correction. We find that a statute which provides for the transfer of such youthful offender to a mental hospital operated by the Department of Correction upon a finding that he is mentally ill is not a denial

of equal protection of the law. The purpose of the Youthful Offenders statute (Code Crim. Pro., § 913-e *et seq.*) is to avoid the stigma upon young people which attaches with a felony conviction. It was never intended that the punishment or corrective measures prescribed by the statute should not be under Department of Correction auspices. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.