Per Curiam.

Defendant pleaded guilty as a youthful offender on the underlying charge of criminal trespass in the second degree. He was sentenced to the New York City Reformatory for an indefinite period. Defendant argues that under Matter of Hogan v. Rosenberg (24 N Y 2d 207) decided by the Court of Appeals on March 6, 1969, the court below lacked jurisdiction to impose the reformatory sentence.
In People v. Fuller (24 N Y 2d 292, 301) (decided April 10, 1969), dealing with the convicted-addict. program, the Court of Appeals held that since noncriminal addicts were granted the right to a jury ‘ ‘ in failing to accord a convicted addict a jury trial on the issue of his addiction, section 208 (subd. 2) of the Mental Hygiene Law violates the equal protection clause of the Fourteenth Amendment.” The ruling was made despite the adoption by the court of the basic premise that the narcotic control program ‘ ‘ is and constitutionally must be a rehabilitative one. ’ ’
The issue in both proceedings is identical. A convicted addict committed to the control of the commission is in theory subjected to the same intensive rehabilitation program as is the addict committed under the purely civil program. In addition, the convicted addict is to be released when cured, whether or not the length of deprivation of freedom is proportional to the gravity of the act for which he or she was committed (see Mental Hygiene Law, § 204). (People v. Fuller, supra, p. 304.)
From the point of view of sentence to a .reformatory, there is no material difference between sentence as a young adult and *517 that of a youthful offender. Under article 75 of the Penal Law a young adult, in lieu of any other sentence, could be sent for an indefinite period to a State or local reformatory (with limitations not here pertinent), for a maximum period of four years in the case of a State institution and three years in the ease of a local institution. In the alternative, he could have been put on probation (Penal Law, § 65.00), or given a conditional (Penal Law, § 65.05) or unconditional discharge (Penal Law, § 65.20) or a prison sentence under section 70.15 of the Penal Law. In the case of a youthful offender, the disposition is the same but for the elimination of the definite prison sentence (Code Grim. Pro., § 913-m). “ The court must impose one of the following sentences prescribed by the penal law:
“ a) A sentence of probation;
“ b) A sentence of conditional discharge;
“ c) A sentence of unconditional discharge; or
“ d) A reformatory or an alternate local reformatory sentence of imprisonment ”. (Emphasis supplied.)
“ The provisions of this code and of the penal law shall apply to this title insofar as they are applicable and not inconsistent herewith.” (Code Grim. Pro., § 913-q.)
In Matter of Hogan v. Rosenberg (supra, p. 213) which involved a young adult, the Court of Appeals read Duncan v. Louisiana (391 U. S. 145) “ for the proposition that statutes which make crimes punishable by imprisonment for terms of two years or more are to be viewed as serious, notwithstanding how the people of a particular jurisdiction might characterize the crime.”
Judge Scileppi wrote for the majority of the court (p. 220): “ Appellant has advanced the argument that the sentencing of a young adult to a reformatory is not punishment at all but rather is purely of a rehabilitative nature and, therefore, .should not be considered in determining the petty vs. serious question. It is our opinion that the argument must necessarily fall in light of the Supreme Court’s recent decision in Matter of Gault (387 U. S. 1). * * *
“ Under the new Penal Law, an adult convicted of a misdemeanor can in no event receive a sentence greater than one year and, therefore as to him, under the rationale of the companion case, the crime is petty. A young adult, however, convicted of the same crime may, pursuant to article 75, receive a reformatory sentence of four years and, therefore, as to the young adult the crime is serious.”
To avoid, holding section 40 of the New York City Criminal Court Act unconstitutional, the Court of Appeals decided *518 (p. 221): ‘1 Another, and far more realistic, approach is that the rationale of the companion case and the Supreme Court’s decision in Matter of Gault (supra) deprive the New York City Criminal Court of jurisdiction to impose a reformatory sentence to young adults pursuant to article 75, in the absence of legislation authorizing a jury trial in such cases and providing procedural machinery therefor.” * * *
“ Adopting this latter view, we hold that the Criminal Court has jurisdiction to prosecute and convict any defendant, including a young adult, for any misdemeanor and, upon conviction, to impose any and all of the sentences authorized for the particular crime involved, except as provided by article 75.”
The distinction between young adult and youthful offender treatment of miscreants between 16 and 19 years of age, while of major importance in other respects (Code Grim. Pro., §§ 913-f-913-k; 913-n-913-p), is one without a significant difference when a reformatory sentence is imposed § 913-m).
To limit the sentence of an adult for a misdemeanor to no more than one year, and to make article 75 of the Penal Law inapplicable to young adults “ in the absence of legislation authorizing a jury trial in such cases and providing procedural machinery therefor,” yet to utilize the article in the case of youthful offenders, would, in our view, violate the rights of youthful offenders under the Fourteenth Amendment (People v. Fuller, supra; see, also, Matter of Saunders v. Lupiano, 30 A D 2d 803; People v. Taylor, 30 A D 2d 876; People v. Rodriguez, 56 Misc 2d 576).
We recognize that unless and until the Youthful Offender Law is amended by the Legislature, the New York City Criminal Court will be deprived of power to impose any sentence of imprisonment on youthful offenders. However, this hiatus will also compel our Criminal Court Judges to re-examine the basic purposes of our Youthful Offender Law.
The Youthful Offender Law provides for comprehensive investigations to determine whether the defendant is a fit subject for such treatment. The basic purpose of the statute is to avoid stigmatizing the worthy youth. Yet, in practice, we find that many young miscreants were afforded youthful offender treatment where the pre-pleading report indicated that the offender was well nigh incorrigible and not at all amenable to this type of socialized treatment. In some instances it would appear that the price of such consideration was a guilty plea, followed by the imposition of a reformatory sentence — in utter disregard of the findings and recommendation of the probation department.
*519 To be sure, two and a half decades of experience under this law point to praiseworthy success in its general application. But we must never lose sight of the basic purpose of the statute — reaching and rehabilitating those deserving of another chance. Haphazard grant of youthful offender treatment serves to “ hazard the security of the community and jeopardize, by failure, further advances in the treatment of the youthful offender ” (Memorandum of Grov. Dewey approving the original Youthful Offender Law, April 14, 1943).
Judgment adjudicating defendant a youthful offender should be modified on the law by vacating the sentence and remanding the matter to the Criminal Court, New York County for resentence, and, as modified, should be affirmed.
Concur — Hofstadter, J. P., Streit and Markowitz, JJ.
Judgment modified, etc.