Per Curiam.

The rehabilitative purpose of the Narcotic Addiction Control Act, which the Court of Appeals found in People v. Fuller (24 N Y 2d 292) to be distinguishable from the traditional purposes of criminal punishment, applies whoever the addict may be. Our holding in People v. Soto (64 Misc 2d 515) that, unless and until the Youthful Offender Law is amended, the Criminal Court of the City of New York is deprived of power to impose any sentence of imprisonment on youthful offenders, obviously has no application in a case where an adjudicated youthful offender is found to be an addict. A certification to the care and custody of the Narcotic Addiction Control Commission is not a sentence of imprisonment. Accordingly, the Criminal Court of the City of New *438 York has jurisdiction pursuant to section 209 of the Mental Hygiene Law to certify to the commission an adjudicated youthful offender found to be an addict.
We have examined all the points raised by the defendant and find error only in the failure to accord the defendant a jury trial on the addiction hearing. That was a violation of his right to equal protection of the law. The judgment should therefore be reversed and the case remitted to the court below with direction that the addiction hearing be transferred to the Supreme Court, New York County, for trial with a jury (People v. Fuller, supra).
The judgment should be reversed on the law and the case remitted to the 'Criminal 'Court of the City of New York, County of New York, for further proceedings in accordance with the foregoing memorandum.
Concur — Streit, J. P., Gold and Hofstadter, JJ.
Judgment reversed, etc.