■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAVAN JOHNSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 1, 1966, convicting him of robbery in the third degree, unarmed, on his plea of guilty, and imposing sentence. Judgment reversed, on the law and the facts, and case remanded to the Criminal Term for repleading and further proceedings not inconsistent herewith, with the following memorandum: An application for youthful offender treatment should be made before pleading and, once made, the indictment must be held in abeyance (Code Crim. Pro., § 913-g). Here, defendant made an application for youthful offender treatment. The court then stated that if defendant would plead guilty to robbery in the third degree, unarmed, the court would read the probation report and grant youthful offender treatment in the event the court found that defendant was entitled to it. Defendant pleaded guilty as suggested and, on the day of sentence, the court announced that defendant's application for youthful offender was denied, because he had participated in the commission of an armed robbery. This procedure was not only in conflict with the statute, but also inconsistent with the benign purposes served by it (cf. *People* v. *Shannon*, 1 A D 2d 226, 231). Youthful offender treatment was not intended as an inducement to plead guilty; it was intended as a protection to a defendant. In this case, defendant was undoubtedly influenced in making his plea by the court's statement that consideration would be given to the question of his being treated as a youthful offender. The court should

not have invited the plea as a condition ostensibly to a favorable determination of defendant's application. The prejudice to defendant was heightened when the denial of his application was based solely on his participation in an armed robbery — although the court must have known that the charge against defendant in the indictment was robbery in the first degree. The prejudice inherent in this procedure dictates that defendant be permitted to plead anew, with the knowledge that his application for youthful offender treatment has been denied. Brennan, Hopkins and Kleinfeld, JJ., concur; Christ, Acting P. J., and Rabin, J., dissent and vote to affirm the judgment, with the following memorandum: In our opinion, the Criminal Term did not exercise its discretion improperly in denying defendant youthful offender treatment (*Matter of Tschornyi* v. *County Court of the County of Tompkins*, 283 App. Div. 910). On March 30, 1966, the Criminal Term informed defendant, then under indictment for robbery in the first degree, grand larceny in the first degree and assault in the second degree, that if he chose to enter a plea of guilty to robbery in the third degree, unarmed, the court would give consideration to affording him youthful offender treatment. The plea was entered. When defendant appeared for sentencing the court informed him that, after reading the probation report, it had decided not to afford him youthful offender treatment. Defendant was then sentenced to the New York City Reformatory. Execution of sentence was suspended and defendant was placed on probation. While we recognize that the procedure employed was improper under title VII-B of part VI of the Code of Criminal Procedure, in our opinion, under the circumstances herein, the error was harmless (Code Crim. Pro., § 542). The procedure employed did not result in any compulsion upon defendant to enter his plea of guilty. The court made it quite clear that it was not promising youthful offender treatment but would merely give the matter due consideration. It does not appear that defendant was in any way prejudiced by the procedure employed. Moreover, on this appeal, defendant has not challenged the procedure employed or demanded the opportunity to plead anew to the indictment.