Edmund A. McCarthy, J.
Both of the above-named defendants have been charged by the Grand Jury of Herkimer County with several counts of separate and distinct burglaries and larcenies. Both of them are under 19 years of age. Upon their arraignment, application was made for consideration as ‘ * youthful offenders ”. Under the New York State law the necessary consents were signed and investigations conducted and both of these defendants were found eligible to be treated as youthful offenders.
The above-mentioned consents to be investigated contained a waiver of a jury trial and provided for trial by the court. On the face of it, the execution of such a consent and waiver would be considered sufficient, but the consents have been drawn through the years in this court in such a way that jury trials *787 have always been waived. Without such a consent and waiver, treatment as a youthful offender would be denied, because such an investigation cannot be conducted without the consent of the defendant, and the waiver of jury trial as contained in these consents is surplusage inserted by the District Attorney in the formation and printing of such consents for investigation, and consequently has not been considered the voluntary knowing act of these minors who are considered youthful offenders.
Upon such determination, Day, who was represented by George Farber Aney, attorney, of Herkimer, and Budy, who was represented by John F. Tucker, attorney, of Frankfort, Hew York, each in turn demanded a jury trial. This demand and motion was opposed by the District Attorney and decision at that time was reserved.
In the light of the numerous conflicting opinions in New York State, it seems proper that due consideration be given both of these motions. Both of these defendants are accused of serious crimes which, if convicted, might involve confinement in the State institution for a considerable period of time.
In recent months the question of the right to jury trial by youthful offenders has caused considerable concern to the County Judges of the State of New York who handle most of the serious criminal cases up-State. Many of the decisions have been examined and the inquiry has gone over into the Federal field and the determinations of the District Court and the United States Supreme Court.
In People v. Anonymous (56 Misc 2d 725), in the New York County Supreme Court, Trial Term, May 1, 1968, Justice Geller wrote an opinion in which he distinguished the case of Nieves v. United States (280 F. Supp. 994) which struck down as unconstitutional a provision of the Federal Juvenile Delinquincy Act, which required youth to waive a jury trial before obtaining the benefit of juvenile court proceedings, which is comparable with youthful offender treatments in our State court. This case further made available the right to jury trial in any Federal juvenile proceeding in which a youth was faced with imprisonment for the commission of the alleged act.
When the United States Supreme Court decided the Matter of Gault (387 U. S. 1), providing for the representation by counsel of a juvenile delinquent, it sought to protect the youth and all of his rights under the due processes provision of the Constitution, and under the Fourteenth Amendment and the Sixth Amendment this protection is made available to all criminals. Now, it may be argued that a charge of being a youthful offender is not a criminal proceeding, but it must be recognized *788 that the evidential requirements of the hearing are based upon criminal procedure and the penalty that can be imposed is comparable with that to which an adult criminal would be subject.
In December of 1968, in the Kings County Supreme Court Criminal Term, Justice Starkey determined in the case of People v. Kaye, that the youthful offender treatment was not a matter of right, but a privilege, and that subdivision 3 of section 913-g and section 913-h of the Code of Criminal Procedure, prbviding for a trial without a jury, were constitutional. This decision confined its consideration 1 £ to the problems only presented by this case and these proceedings were directed to a determination as to whether a juvenile is a delinquent as a result of misconduct. ’ ’ This case specifically excluded 11 any consideration concerning procedures or constitutional rights applicable to the pre judicial stages of the processes, nor did the court consider the post adjudication or dispositional processes.” This quotation is taken from the Matter of Gault. The court quotes Kent v. United States in which the court said that any hearing in a youthful offender case must conform to all of the requirements of a criminal trial, and the hearing must measure up to the essentials of due process and fair treatment. If this determination is to be carried into effect, then due consideration must be given to the constitutional amendments.
About the time that this determination was made, the case of Duncan v. Louisiana (391 U. S. 145) was promulgated. In that case the United States Supreme Court decreed that the mandate for a jury trial contained in the Sixth Amendment applies to all serious crimes. Mr. Justice White, writing for the court, held that crimes punishable by two years of imprisonment are serious crimes. In this case here, both of these defendants are facing serious crimes. This case is recognized as a landmark decision, and despite the attempt to say that a youthful offender is not facing a criminal prosecution, it must be recognized that while some of the criminal disability of conviction may be eliminated and moderated, still facing imprisonment for a serious crime is present, and because of that risk and liability to incarceration, the youthful offender is entitled to all of the protection that the law allows.
This is the fundamental purpose of youthful offender law: — to keep the proceedings secret, but principally to- protect the good name and future of that youthful offender. It is urged by the District Attorney that if the youthful defendant is brought before a jury, the trial must be public, the secrecy is destroyed and the publicity resulting from the trial was not the intention *789 of the Legislature. But it must be recognized, as urged by the defense counsel, that the Constitution is the law of the land and our worthy forefathers included the provisions in the Constitution for the protection of its citizens and it is superior to the statutory legislation and more controlling for the protection of all concerned.
In the case of People v. Towler (30 A D 2d 876) the Supreme Court of Kings County was reversed on the law and in the interest of justice the case was remanded for proceedings consistent with the opinion. The defendant was offered youthful offender treatment on condition that he plead guilty. He mandated his innocence, refused to plead guilty, and the court refused him youthful offender treatment. He was compelled to stand trial as an adult and was convicted. The court, in describing the procedure, provided that the first duty of the court was to determine whether or not he was eligible as a youthful offender, and then to give him an opportunity to plead guilty or not guilty. But the court was without power to require a plea prior to the determination of eligibility or as a condition to determine the defendant’s willingness to plead guilty or not guilty. Therefore, the court considered the statute unconstitutional. To deprive such a defendant of such a constitutional .right would “ chill the assertion of constitutional rights by penalizing others who choose to exercise them.” (United States v. Jackson, 390 U. S. 570; Nieves v. United States, 280 F. Supp. 994, supra; Matter of Gault, 387 U. S. 1, supra; Matter of Hogan v. Rosenberg, 58 Misc 2d 585; Petterson v. Donnelly, 58 Misc 2d 597, and cases therein cited.)
And then a proceeding under article 78 of the CPLB. was commenced against a Justice of the Supreme Court of the County of New York (Matter of Saunders v. Lupiano, 30 A D 2d 803) upon an application for youthful offender treatment without waiving his right to a trial by jury. The determination in this matter was that article 78 was not the proper remedy; and there was a dissenting opinion written by Justice McGtvebit and joined in by the Presiding Justice Eageb, as to which the court determined: “We fully agree with the reasoning of the dissenting memorandum insofar as it concludes that the petitioner is entitled to a jury trial as a matter of right ”. This is the most recent and most authoritative determination in the State of New York on this question, and it comes out of the First Department of the Appellate Division. In the dissenting opinion pf Justice McG-rvEBrr, he observed that, in the light of Duncan v. Louisiana (supra), “the conclusion is inescapable that the *790 denial of youthful offender treatment to petitioner solely because of his refusal to waive a jury trial was constitutionally impermissible. ’ ’
It, therefore, seems to this court that on the authority of the Saunders case (supra), and in the light of the determination by the United States Supreme Court in Duncan v. Louisiana (supra), the person declared eligible for treatment as a youthful offender is entitled to a trial by jury. Motions of the defendants herein are hereby granted, and the right to trial by jury is granted in each case.