Alfred H. Kleiman, J.
Defendant pleaded guilty as a youthful offender on the underlying charge of assault in the third degree (Penal Law, § 120.00). Defendant was sentence^,to the New York State Reformatory for an indefinite period pursuant to section 913-m (subd. 1, par. [d]) of the Code of Criminal Procedure. Defendant moved to vacate the judgment and for resentence, his attorney contending that this court was without power to sentence the defendant to more than a one-year term, citing in support thereto People v. Soto (64 Misc 2d 515). The rationale of that decision and of Matter of Hogan v. Rosenberg (24 N Y 2d 207), cited therein, was based upon the then unavailability of a jury trial for defendants in the Criminal Court of *707 the City of New York. However, following Baldwin v. New York (399 U. S. 66), the procedural machinery for obtaining a trial by jury was established in this court and was available to this defendant. (The defendant specifically waived his right to such trial by jury prior to the court’s accepting defendant’s plea.) Accordingly, I hold that this court is no longer bound by the former decisions, and that this court may now impose a reformatory sentence.
Accordingly, the motion is in all respects denied..