Richard F. Ktjhnekt, J.
On September 30, 1970 following a plea of guilty, petitioner, Robert E. Colvin, was adjudicated a youthful offender and was sentenced to a reformatory term of four years. The criminal acts upon which the adjudication was based would, if committed by an adult, constitute a felony. After serving two years of this .sentence, the petitioner was paroled and while at liberty he committed the crime of robbery in the first degree. On October 16, 1972 he pled guilty to this charge and was subsequently sentenced by the Broome County Court to an indeterminate term of imprisonment not to exceed five years. At the time of the sentencing the court directed that the five-year term should run concurrently. with any remaining time owed on the petitioner’s prior reformatory sentence.
Petitioner was sent to Elmira Reception Center where he was informed by the Board of Parole that the time owed on the previous sentence (two years) would be added to, instead of merged with, the new five-year term, thus making the maximum time to be served seven years. In other words, the Board of Parole determined that the two sentences should run consecutively, as opposed to concurrently as directed by the Broome County Court.
Petitioner Colvin is now before this court on an article 78 proceeding seeking (1) a determination that the respondent, Board of Parole, acted contrary to law in computing the- maximum time to be served at seven years; and (2) an order compelling the respondent to amend its records accordingly.
Respondent, Board of Parole, maintains that section 75.10 (subd. 2, par. [c], cl. [ii]) of the Penal Law mandates that the sentences run consecutively and that it was improper for the Broome County Court to order otherwise. This section states in part that:
“ (c) When a person who is subject to a reformatory sentence of imprisonment imposed at a previous time is convicted of an additional crime in a court of this state and is sentenced therefor to a term of imprisonment in excess of one year, the reformatory sentence shall be affected in the following manner: * * *
*434 “ (ii) if the reformatory sentence was imposed for a felony, the state board of parole .shall fix a termination date for the reformatory sentence, and the amount of time that remains to be served to satisfy such termination date shall be added to the maximum term of the new sentence to arrive at an aggregate maximum term.”
The only question to be answered here is whether section 75.10 (subd. 2, par. [c], cl. [ii]) of the Penal Law applies to an unexpired reformatory sentence imposed for a prior youthful offender adjudication. Petitioner contends, and this court agrees, that it does not.
This section states that it is applicable 1 ‘ When a person who is subject tó a reformatory term of imprisonment imposed at a previous time is convicted of an additional crime ’ (Emphasis added.) The meaning of this language is clear: the section is operative only when a defendant, who is being sentenced for á crime, is subject to an unexpired reformatory sentence imposed as a result of a conviction for another crime. In other words* a defendant must have a previous conviction for a crime in order to make the present conviction an “ additional crime.” It has long been the policy of this State, however, and subdivision 1 of CPL 720.35 so provides that “ A youthful offender adjudication is not a judgment of conviction for a crime ”. Since the 1970 youthful offender adjudication is petitioner’s only other encounter with the criminal law and by virtue of that determination he is deemed never to have been convicted of1 a crime, it is apparent that section 75.10 (subd. 2, par. [c], cl. [ii]), which requires that a defendant have convictions for a minimum of two crimes in order to be operative, does not apply.
Furthermore, this section requires consecutive sentences only in cases where the prior reformatory term was imposed for a “ felony.” That a youthful offender adjudication does not constitute a felony conviction was made clear by the Court of Appeals in People v. Carpenteur (21 N Y 2d 571). In that case the defendant had been adjudicated a youthful offender in California at the age of 19. The acts underlying that determination, if committed by an adult, would have constituted a felony in New York. Later the defendant pleaded guilty to second degree robbery in this State and was sentenced as a second felony offender pursuant to section 70.10 of the Penal Law. In holding that a California youthful offender adjudication could not be used as a predicate for multiple felony offender treatment, the court said (p. 574) that since the California court *435 had acted under a statute similar to New York’s and had applied the same policy considerations used in this State “ it was error to consider the defendant’s previous conviction in California as a conviction for a felony ’ ’. The conclusion that can be drawn from this decision is that a New York youthful offender adjudication also does not constitute a felony conviction and may not be considered as such. Petitioner, therefore, does not fall within the ambit of section 75.10 (subd. 2, par. [c], cl. [ii]) of the Penal Law. (See, also, People v. Colabella, 31 A D 2d 827; and People v. Klein, 35 A D 2d 528.)
The policy upon which youthful offender treatment is based also dictates that section 75.10 (subd. 2, par. [c], cl. [ii]) not apply to such a determination. As stated above, this section mandates consecutive terms when a prior reformatory sentence was imposed for a felony. In effect it provides for a form of increased punishment as a result of a former conviction. One purpose of a youthful offender proceeding is to spare young adults who have violated the criminal laws from the stigma and adverse consequences that necessarily flow from a criminal conviction. It has been held, however, that the primary purpose of the youthful offender law is to prevent the imposition of increased punishment on a subsequent conviction of the defendant for the commission of a crime. (People v. Shannon, 1 A D 2d 226, affd. 2 N Y 2d 792.)
Respondent, however, claims that there is a distinction between the process of conviction and the process of sentencing in that youthful offender treatment applies only to the latter. In other words, petitioner actually pleaded guilty to a felony in September of 1970 and his status as a youthful offender is determinative of his .sentencing treatment only. Therefore, respondent urges that section 75.10 (subd. 2, par. [c], cl. [ii]) applies to this petitioner because his unexpired reformatory term was imposed for a felony conviction.
The petitioner did not plead guilty to a felony charge in 1970. He was charged on a felony information, but following an investigation it was determined that he was eligible for youthful offender treatment. Subdivision 4 of section 913-g of the former 'Code of Criminal Procedure, which was in effect at the time of the 1970 adjudication, provides that if it is determined that a defendant is eligible for such treatment, “ no further action shall be taken on the indictment or information and the defendant shall be required to enter a plea of * guilty ’ or ‘ not guilty ’ to the charge of being a youthful offender.” Moreover, section 913-j of the former Code of *436 Criminal Procedure states that if a defendant enters a plea of guilty to a youthful offender charge “ the indictment or information shall he considered a nullity and of no force and effect.” In September of 1970 petitioner pleaded guilty to the charge of being a youthful offender which is not even recognized as a crime in this State, no less a felony. (CPL 720.35; People v. Y. O. 2404, 57 Misc 2d 30.) Following the entrance of such a plea, the. indictment which charged petitioner with the felony ceased to be effective. The contention then that the petitioner pleaded guilty to a felony and was sentenced as a youthful offender is without merit.
Respondent’s reliance on People v. Miller (38 A D 2d 745) is misplaced. In that case the Appellate Division outlined the proper application of section 75.10 (subd. 2, par. [c]) when a defendant has been convicted of a prior felony. No reference is made in Miller to prior youthful offender adjudications and, as demonstrated above, no prior felony conviction is present in this factual situation. Miller, therefore, is not applicable to this case.
Since section 75.10 (subd. 2, par. [c]) does not apply to prior youthful offender adjudications, the respondent, Parole Board, acted contrary to law in computing petitioner’s maximum term to be served. In the absence of other statutory provisions, sentencing is governed by section 70.25 of the Penal Law which provides in effect that the court has discretion to impose a concurrent sentence in any case. (Preiser, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 70.25.) The Broome County Court, therefore, had complete authority to provide that the 1972 sentence should run concurrently with petitioner’s unexpired reformatory term and it was error for respondent, Parole Board, to direct otherwise. Pursuant to section 70.30 of the Penal Law the two terms should be merged and be satisfied by the discharge of the longest unexpired term, five years. Respondent’s records should be amended accordingly.