THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT E. COLVIN, Respondent, *v.* NEW YORK STATE BOARD OF PAROLE, Appellant.

Third Department, June 6, 1974.

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

*Louis J. Casella, Public Defender (John T. Hillis* of counsel), for respondent.

REYNOLDS, J. This is an appeal from a judgment of the Supreme Court, Broome County, which granted petitioner's application, in a proceeding pursuant to article 78 of the CPLR, and ordered that the unexpired portion of the petitioner's reformatory sentence, imposed pursuant to a youthful offender adjudication, be made to run concurrently with a felony sentence imposed for a crime committed while on parole.

On September 30, 1970 following a plea of guilty, petitioner, Robert E. Colvin, was adjudicated a youthful offender and sentenced to a reformatory term with a four-year maximum. After serving a portion of his sentence, petitioner was paroled and, while at liberty, he was arrested and charged with the crime

of robbery in the first degree. On October 16, 1972 he pled guilty to this charge in Broome County Court and was " sentenced to an *indeterminate* sentence of imprisonment which shall have a maximum term of five years; together with any unexpired time, owing which is to run concurrently."

After sentencing, petitioner was transferred to the Elmira Reception Center where he was informed by the Board of Parole that the time owed on the previous sentence (two years) would be added to, instead of merged with, the new five-year term, thus making the maximum time to be served seven years. Petitioner thereupon commenced the instant proceeding seeking to compel the Board of Parole to comply with the sentence as specifically imposed by the Broome County Court on October 16, 1972. At Special Term, the Board of Parole maintained that section 75.10 (subd. 2, par. [c], cl. [ii]) of the Penal Law mandated that the sentences run consecutively and that it was therefore improper for the Broome County Court to order otherwise. Special Term concluded, however, that, since section 75.10 (subd. 2, par. [c]) does not apply to prior youthful offender adjudications, the Board of Parole acted contrary to law in computing petitioner's maximum term. We agree. Section 75.10 (subd. 2, par. [c]) is only operative when a defendant who is being sentenced for a crime is subject to an unexpired reformatory sentence imposed as a result of a conviction for another crime and petitioner's youthful offender adjudication is not a crime (CPL 720.35). Moreover, as Special Term noted, consecutive sentencing is required only where the prior reformatory term was imposed for a felony and youthful offender adjudication is not a felony. One of the reasons for declaring a youth a youthful offender instead of convicting him for a crime is to prevent the incident from becoming a predicate conviction for the purpose of increased punishment in the event of a subsequent criminal conviction (*People* v. *Shannon,* 1 A D 2d 226, affd. 2 N Y 2d 792; see, also, 1945 Opns. Atty. Gen. 188). Furthermore, it was made clear by the Court of Appeals in *People* v. *Carpenteur* (21 N Y 2d 571) that a youthful offender adjudication does not constitute a felony conviction even where the defendant had been adjudicated a youthful offender in a foreign jurisdiction. (See, also, *People* v. *Klein,* 35 A D 2d 528; *People* v. *Colabella,* 31 A D 2d 827.)

The appellant's reliance upon *People* v. *Miller* (38 A D 2d 745) as being supportive of the proposition that section 75.10 of the Penal Law (subd. 2, par. [c], cl. [ii]) mandates consecutive sentences in the case at hand is misplaced. As Special Term

correctly noted, the situation therein was one where the unexpired reformatory term had been imposed for a felony conviction not a youthful offender adjudication as here.

The judgment should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and KANE, JJ., concur.

Judgment affirmed, without costs.