E. Leo Milonas, J.
The defendant is charged with the crimes of assault in the third degree, obstructing governmental administration, resisting arrest, harassment, and remaining in a park after closing (Penal Law, §§ 120.00, 195.05, 205.30, 240.25; Park Regs, art 3, §22), three of which are class A misdemeanors and thus generally punishable by imprisonment of up to one year. Since the defendant is an 18-year-old youth with no prior convictions, he is eligible for mandatory youthful offender treatment, under CPL article 720. According to section 60.02 of the Penal Law, when a person is to be sentenced upon a youthful offender finding, the court may not impose a definite or intermittent sentence of more than six months where the conviction is had in a local criminal court (CPL 720.20, subd 1, par [b]).
The defendant herein moves for a jury trial, challenging the constitutionality of CPL 340.40 (subd 7), which provides that: "Notwithstanding any other provision of law, in any local criminal court the trial of a person who is an eligible youth *1047 within the meaning of the youthful offender procedure set forth in article seven hundred twenty and who has not prior to commencement of the trial been convicted of a crime or adjudicated a youthful offender must be a single judge trial.”
The defendant asserts that he is entitled to a jury trial because he is charged with crimes which are inherently "serious” within the meaning of the Sixth Amendment of the United States Constitution. He reasons that since society, by means of the New York Legislature, its agent, has authorized penalties of up to one year’s incarceration for the offenses of which the defendant is accused, these offenses are thereby "serious”, citing Duncan v Louisiana (391 US 145) and Baldwin v New York (399 US 66). Therefore, he must be accorded a trial by jury regardless of the fact that, under the youthful offender statute, hé may not actually receive a sentence in excess of six months.
The primary purpose of the youthful offender procedure has been to prevent a youth between the ages of 16 and 19 from being stigmatized for life with a criminal record. (People v Shannon, 1 AD2d 226, affd 2 NY2d 792; People v Soto, 64 Misc 2d 515; People ex rel. Hendricks v Johnston, 31 AD2d 754; People v Drayton, 47 AD2d 952 and People ex rel. Colvin v New York State Bd. of Parole, 75 Misc 2d 432, affd 45 AD2d 50.) It was, in effect, intended as a protection to the defendant. (People v Johnson, 32 AD2d 968; and People v Day, 61 Misc 2d 786.)
"When an accusatory instrument against an apparently eligible youth is filed with a court, the court, with the defendant’s consent, must order it to be filed as a sealed instrument” (CPL 720.15, subd 1). Further, a youthful offender adjudication is not a judgment of conviction for a crime or any other offense, and all official records and papers relating to a case involving an individual accorded youthful offender treatment are confidential. (CPL 720.35.) The sentence which may be assessed against a youthful offender is also markedly limited. (CPL 720.20; Penal Law, §§ 60.02, 60.03.) Thus, it is clear that a person adjudicated a youthful offender receives a leniency of treatment not otherwise available.
In the instant case, the defendant is subject to a maximum term of six months’ imprisonment. (Penal Law, § 60.02.) According to the Sixth Amendment, an accused is guaranteed the right to trial by jury in "all criminal prosecutions.” However, the United States Supreme Court has long held that *1048 so-called "petty” offenses may be tried without a jury. (Baldwin v New York, supra; Frank v United States, 395 US 147; Duncan v Louisiana, supra; Cheff v Schnackenberg, 384 US 373; and District of Columbia v Clawans, 300 US 617.) In determining whether a particular crime is a petty offense, the crucial factor is the severity of the penalty which can be imposed. (Duncan v Louisiana, supra; Frank v United States, supra; and District of Columbia v Clawans, supra.)
In Duncan v Louisiana (supra, pp 160-161) the Supreme Court declared that: "Of course the boundaries of the petty offense category have always been ill-defined, if not ambulatory. In the absence of an explicit constitutional provision, the definitional task necessarily falls on the courts, which must either pass upon the validity of legislative attempts to identify those petty offenses which are exempt from jury trial or, where the legislature has not addressed itself to the problem, themselves face the question in the first instance. In either case, it is necessary to draw a line in the spectrum of crime, separating petty from serious infractions. This process, although essential, cannot be wholly satisfactory, for it requires attaching different consequences to events which, when they lie near the line, actually differ very little.”
The line, arbitrary though it may be, has been drawn at six months; that is, crimes carrying possible penalties of up to six months’ incarceration do not require a jury trial. (Baldwin v New York, supra; Frank v United States, supra; Duncan v Louisiana, supra; and Cheff v Schnackenberg, supra.) In Baldwin v New York (supra, p 73), the Supreme Court held that where the accused cannot conceivably face more than six months’ imprisonment the disadvantages arising from the denial of a trial by jury, onerous though they may be, are outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.
While one may argue that an individual ought to be entitled to a jury trial in all criminal prosecutions regardless of the severity of the punishment inflictable upon him, this contention is not supported by the legal authority. In New York, an accused eligible for youthful offender treatment derives a benefit from the law, particularly in view of the fact that adjudication thereunder does not constitute a judgment of conviction for a crime or any other offense, and where the conviction is had in a local criminal court, he may not receive a sentence of more than six months. That being the case, this. *1049 court does not believe that CPL 340.40 (subd 7) involves a violation of defendant’s constitutional rights. (See Matter of Hogan v Rosenberg, 24 NY2d 207, which held that the New York City Criminal Court lacked jurisdiction to impose a four-year reformatory sentence on young adults in the absence of legislation providing for a jury trial in such instances and establishing procedural machinery therefor.)
Consequently, the defendant’s motion is denied.