Benjamin Altman, J.
The defendant pleaded guilty to a violation of sections 110.00 and 155.25 of the Penal Law (a class B misdemeanor). During the plea negotiations it was agreed among all parties that the defendant would be sentenced to a conditional discharge. Defendant’s counsel produced proof that defendant had a real, viable opportunity for employment out-of-State and the immediacy of the sentence could be vital to defendant’s getting the job.
At sentencing the defendant moved to be adjudicated a youthful offender, pointing out that: (1) he was under 19 years of age at the time of the criminal incident; (2) this was defendant’s first conviction; and (3) under the provisions of CPL 720.20 (subd 1, par [b]) the defendant was a mandatory youthful offender.
*786 The People conceded that the defendant was a mandatory youthful offender but pointed out that CPL 720.20 mandates a presentence investigation.
CPL 720.20 reads:
"1. Upon conviction of an eligible youth, the court must order a presentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender. Such determination shall be in accordance with the following criteria:
"(a) If in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years, the court may, in its discretion, find the eligible youth is a youthful offender; and
"(b) Where the conviction is had in a local criminal court and the eligible youth had not prior to commencement of trial or entry of a plea of guilty been convicted of a crime or found a youthful offender, the court must find he is a youthful offender.”
Parenthetically, the court notes that although not applicable herein, CPL 720.20 (subd 1, par [a]) indicates that this court has discretion in the interests of justice to find an eligible youth as a youthful offender.
CPL 720.10 provides the following definitions of terms used in youthful offender proceedings:
"Youth” means a person charged with a crime alleged to have been committed when he was at least 16 years old and less than 19 years old.
"Eligible youth” means a youth who is eligible to be found a youthful offender and this includes every youth who is not under indictment for a class A-I or A-II felony or who has not previously been convicted and sentenced for a felony.
"Youthful offender adjudication”: a youthful offender adjudication is comprised of a youthful offender finding and the youthful offender sentence imposed thereon and is completed by imposition and entry of the youthful offender sentence.
In the past, there was a time when a Probation Department of a local criminal court could issue a presentence report at a fixed date and a Judge could reasonably expect to have the report submitted on or before that date. In fact, at a Judge’s *787 special request the court could receive, and this court has received, a short form report within 24 hours.
However, the severe budgetary strain on the New York City Probation Department has cut personnel of all kinds into the very operating heart of the department and months have gone and do go by before presentence reports are presented to the court. As Gerald P. Hecht, Director of the New York City Department of Probation stated on February 17, 1977 before the New York State Probation Commission: "[0]ur staff losses have been staggering. When consolidation first became a reality in February of 1974, our complement of officers numbered 888 with a support force and clerical staff of 762. The fiscal crisis in New York City struck hard at the Probation Department, making it proportionately the agency within the criminal justice system that suffered the most. We lost 28% of our professional staff and 45% of our clerical staff.” Let this court hasten to add that the remaining staff of the Probation Department is doing a magnificent job under the most trying of circumstances and its commitment to furthering the interests of justice are patent.
There are basically two reasons for a presentence report: (1) where there is no promise, for the court’s guidance, as to what kind of sentence should be meted out; and (2) if the defendant is sentenced to jail, the report is essential to the correctional institution for the most efficient classification processing.
It is against the foregoing that the statutory intent of the youthful offender article should be examined.
Repeatedly courts have indicated that the thrust of the youthful offender statutes is for the benefit of the young person. The intent of the youthful offender is to "avoid stigmatizing” the young person (People v Soto, 64 Misc 2d 515); "to protect the good name and future of the youthful offender” (People v Day, 61 Misc 2d 786, 788); see, also, (People v Shannon, 1 AD2d 226, affd 2 NY2d 792).
The new article, CPL article 720, streamlines the old Youthful Offender Act (Code Grim Pro, § 913 et seq.), the purpose being to shed the "wasteful investigation requirements and other destructively cumbersome features” (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 720).
The State Legislature, in its wisdom, passed the new law with the express purpose of doing two things: (1) protecting the young defendant; and (2) innovating a procedure that *788 would move the youthful offender determination as rapidly as possible.
The objections to the old law (Code Grim Pro, § 913-e) were that it was too slow, too time consuming and that the slowness of determination was counterproductive to the well-being of the defendant who was under 19.
In the instant case, for the court to order a presentence report would certainly be contrary to the very purposes of the changed statute. Presently, where defendants are not in jail, months pass before probation reports are ready. In the interim young defendants keep coming back to court and jump on the perpetual treadmill of adjournment. Where no jail time or probation is intended the court is merely waiting for a confirmation of the birth date and past criminal record of the youthful defendant. To follow blindly the statutory scheme herein is to go back to the very complaints the Legislature tried to satisfy — the slowness of determination and the endless time consumption. If the "mandatory” requirement of CPL 720.20 were carried out to the very letter, an anachronism would result.
Law is man made and reason attaches to the specificity of the language. This court merely states that it was not the intent of the Legislature to have an eligible young person, who has been promised a conditional discharge to come back month after month awaiting a presentence report merely for verification of age and past criminal record. For this singular purpose the Probation Department is merely a conduit of affirmation. The intent — if not the language per se of the legislation — was to enable the court to have before it verified information about the defendant. Once the court is satisfied with the specific information, the court is carrying out the salutary purposes of youthful offender treatment.
The court is aware of the memorandum decision of the Appellate Division in People v Barrow (51 AD2d 912). However, that case is clearly distinguishable: It was not a local criminal court; defendant pleaded guilty to a felony (escape in the second degree); defendant was immediately sentenced to an indeterminate term of three years. The fact situation in Barrow is pointedly in violation of the statutory intent.
In recapitulation, this court holds that where the court is satisfied that the defendant is an eligible youth for mandatory youthful offender treatment, i.e., age and past criminal record, and there has been a promise of a sentence of conditional *789 discharge* that the court under those circumstances need not wait for a presentence report, such action being compatible with the statutory intent.
The defendant is adjudicated a youthful offender pursuant to CPL 720.20.

 During the period of conditional discharge the said defendant shall be subject to the following conditions:
(1) not violate any Federal, State, or local law;
(2) avoid injurious or vicious habits;
(3) refrain from frequenting unlawful or disreputable places;
(4) refrain from consorting with disreputable persons;
(5) work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment;
(6) support his dependants and meet other family responsibilities.