**UNITED STATES of America, Plaintiff,**

v.

**Sandra NEWBERNE et al., Defendants.**

**Crim. No. 76–71.**

United States District Court, E. D. Kentucky, At Lexington.

March 3, 1977.

Eldon L. Webb, U. S. Atty., John M. Compton, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Shelby Kinkead, Public Defender, Stephen D. Milner, Robert W. Willmott, Jr., Richard S. Webb, IV, Lexington, Ky., for defendants.

## MEMORANDUM OPINION

SILER, District Judge.

In this case, the defendants are charged with the crime of assault on a federal reservation in violation of 18 U.S.C. § 113(d), which carries a maximum penalty of six months and/or a fine of $500.00. The defendants have requested a jury trial, so the issue before the Court is whether they are entitled to one.

The right to a trial by jury is guaranteed by Article III, Section 2, Clause 3 and the Sixth Amendment to the Constitution, but that does not extend generally to petty offenses. See *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed.

**362**

843 (1937). A petty offense is defined by 18 U.S.C. § 1(3) as "Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500.00, or both." Congress has intended that there be no jury trial in petty offenses. See *United States v. Floyd,* 477 F.2d 217, 222 (10th Cir.), *cert. denied,* 414 U.S. 1044, 94 S.Ct. 550, 38 L.Ed.2d 336 (1973).

However, where the petty offense is *malum per se,* it may be serious enough to require a trial by jury. Thus, the Courts have followed a case-by-case basis to determine whether a particular petty offense warrants a jury trial. Therefore, in cases involving *malum prohibitum* violations, such as engaging in the business of a dealer in second-hand personal property without a license, *District of Columbia v. Clawans, supra;* entering a military installation without the permission of the Commanding Officer, *United States v. Floyd, supra;* or the unauthorized operation of a taxi cab at the Washington National Airport, *United States v. Merrick,* 459 F.2d 644 (4th Cir. 1972), it was held that the defendants were not entitled to a jury trial on the charges. Similarly, in criminal contempt charges, where the defendants received six months in jail and fines up to $100,000.00, the Supreme Court held there was no right to a jury trial in *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966).

On the other hand, it has been held that where simple battery was a misdemeanor under Louisiana law but carried a maximum penalty of two years' imprisonment and a fine of $300.00, the defendant was entitled to a trial by jury because a crime carrying such a maximum penalty was indeed "serious" and not a petty offense. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

█ The defendants have cited no cases in support of their contention that they are entitled to a trial by jury on the charges herein. The Court has not found any cases holding that trial by jury is mandated for this particular offense. The courts have spoken on the misdemeanor crime of conspiracy, however, to hold that even though it may be a petty offense by definition, it is serious enough to warrant a jury trial. See *Callan v. Wilson,* 127 U.S. 540, 32 L.Ed. 223 (1888) (common law conspiracy); and *United States v. Sanchez-Meza,* 547 F.2d 461, (9th Cir., 1976) (statutory conspiracy).

█ Therefore, it is necessary for this Court to see if assault as charged here was punishable under common law by jury trial or summarily, for when the Constitution was adopted, it was not intended that cases then tried summarily would be tried with a jury thereafter. See *Cheff v. Schnackenberg, supra* at 379, 86 S.Ct. at 1525. There is no question that assault was a common law crime and *malum per se.* See *Commonwealth v. Remley,* 257 Ky. 209, 77 S.W. 784 (1934).

The question to be resolved is whether under common law it was serious enough to warrant a jury trial. The Supreme Court in *Duncan v. Louisiana, supra,* and the Ninth Circuit in *United States v. Sanchez-Meza, supra,* relied upon an old law review article by Mr. Justice Felix Frankfurter before he went to the Supreme Court, Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury, 39 Harv.L.Rev. 917 (1926). In that article at 928, it indicates that assaults were indeed triable by a justice without a jury. Therefore, with no authority to the contrary, this Court holds that as to this particular offense carrying a maximum penalty as related, it is not serious enough to mandate a jury trial either under common law or the Constitution.

By separate order, the Court will deny the request for jury trial.