■ NEW YORK GASLIGHT CLUB, INC., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Determination of the State Human Rights Appeal Board, dated August 26, 1977, unanimously confirmed, without costs and without disbursements, and the cross petition of the State Division of Human Rights to direct petitioner to comply with its order unanimously granted, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WALKER, Appellant.—Motion of respondent for reargument is granted and upon reargument the order of this court entered April 14, 1977 and memorandum decision filed therein [57 AD2d 517] granting defendant's motion to suppress and dismissing the indictment are recalled and vacated and instead, judgment of the Supreme Court, New York County, rendered April 1, 1975 convicting defendant of the crime of possession of a weapon as a felony and sentencing him to a term of imprisonment of one half to four years is affirmed. Cross motion for resettlement is denied. Defendant's opposition to respondent's motion on the ground of untimeliness is not well taken. Respondent has moved in timely fashion for leave to appeal from the order. That application is presently pending before the Court of Appeals, during which respondent filed the motion herein. This satisfies the policy on which the time limitation provided for in 22 NYCRR 600.14 (a) is based. (Deeves v Fabric Fire Hose Co., 19 AD2d 735, affd 14 NY2d 633.) We find that the officer's testimony was not incredible as a matter of law. Credibility, as such, is for the trier of the facts. (People v Prochilo, 41 NY2d 759; cf. People v Oden, 36 NY2d 382.) There does not appear to be any reason to disturb the trial court's conclusion as to the officer's credibility. In light of People v Prochilo (supra), we find that the observations of the officer provided a sufficient legal basis justifying the seizure of the weapon. In view of the foregoing, appellant's application for resettlement to reflect that our reversal was on the facts as well as on the law is academic. Concur—Birns, Capozzoli and Lane, JJ.; Murphy, P. J., concurs on constraint of People v Prochilo (41 NY2d 759).