*675 OPINION OF THE COURT
Eugene L. Scancarelli, J.
The defendant, an eligible youth without a prior criminal conviction, charged with a violation of section 120.00 of the Penal Law, the class A misdemeanor of assault in the third degree, makes an omnibus motion requesting: a bill of particulars; Brady material; a hearing to determine whether or not an alleged confession should be suppressed; and for an order declaring CPL 340.40 (subd 7) unconstitutional and further setting this matter down for a jury trial.
The motion is disposed of as follows:
The motion for a bill of particulars and discovery and inspection is denied except to the extent consented to by the District Attorney.
The motion for the Brady material is granted to the extent consented to by the District Attorney.
The motion for the Brady material is granted to the extent that the People are charged with their ongoing duty to provide exculpatory material to the defense in accordance with Brady v Maryland (373 US 83).
The motion for a Huntley hearing is consented to by the District Attorney and such a hearing will be held immediately prior to the trial of this matter.
For the reasons set forth herein, the defendant’s motion for an order declaring CPL 340.40 (subd 7) unconstitutional is granted and the matter is to be set down on the jury calendar for trial in its ordinary place upon the calendar.
At the outset it should be noted that the finding of unconstitutionality of a legislative enactment is a matter of serious consequence and should not be made in the absence of a clear and convincing showing that the statute or ordinance is unconstitutional. It is also clear that a declaration of unconstitutionality of a statute by courts of first impression is not to be encouraged, nor is it desirable for the orderly administration of justice. The fact of the matter is, however, that the question presently before the court does not arise in the higher courts of this State since those courts are not concerned with this problem as courts of first impression.
CPL 340.40 (subd 7) requires a single Judge nonjury trial for a defendant who is accorded mandatory youthful offender status in a local criminal court proceeding. The Legislature justifies its denial to a class of defendants of the right to a
*676 jury trial by limiting the period of incarceration after a mandatory youthful offender adjudication to six months. (Penal Law, § 60.02, subd [b].) The significance of the six-month figure is consonant with the Supreme Court’s ruling in Baldwin v New York (399 US 66), wherein it was held that offenses punishable by a maximum of six months’ imprisonment were "petty” and thus did not fall within the ambit of the Sixth Amendment’s guarantee of a jury trial in all criminal cases.
Although CPL 340.40 (subd 7) appears consistent, on its face, with the Supreme Court’s interpretation of the scope of the jury trial right, the defendant challenges the statute on the following grounds: (1) the statute deprives the defendant of the fundamental right to a jury trial unless the defendant waives her right to the benefits conferred by mandatory youthful offender treatment; (2) the statute denies the defendant equal protection of the law, inasmuch as those defendants who may be granted youthful offender status in the discretion of a Judge of a local criminal court are entitled to a trial by jury.
With respect to defendant’s first argument, this court notes that at least one case has considered and rejected the contention that CPL 340.40 (subd 7) deprives defendants of the basic jury trial right. In People v Joseph M. (84 Misc 2d 1046), the court placed heavy reliance on the statute’s compliance with the Baldwin ruling and upheld its constitutionality. Moreover, the opinion emphasized that the youthful offender scheme accords benefits to the eligible defendant that outweighs any disadvantage occasioned by the loss of the right to jury trial.
At the outset, this court notes that People v Joseph M. (supra), emanates from another municipal level court and therefore does not have binding effect on our disposition of a similar constitutional challenge. Moreover, this court is not persuaded by the reasoning in People v Joseph M. that the youthful offender benefits offset the loss of the jury trial right to the mandatory class. In fact, the Supreme Court rejected precisely this type of reasoning in Matter of Gault (387 US 1), wherein it held that the special benefits conferred by the rehabilitative orientation of the juvenile process were no substitute for the substance of normal due process safeguards in juvenile proceedings.
In addition, this court has determined that the analysis in People v Joseph M. failed to consider the very real possibility that a youthful offender in a local criminal court may be *677 subjected to serious consequences in addition to six months’ incarceration that effectively increase his penalty exposure beyond the six-month limit imposed by subdivision (b) of section 60.02 of the Penal Law.
To demonstrate, one of the authorized dispositions for the mandatory youthful offender consists of a period of imprisonment followed by a term of probation, provided that the length of probation, together with the period of incarceration does not exceed the probation term authorized for the offense under article 65 of the Penal Law. (Penal Law, §§ 60.02, 60.01, subd 2, par [d].) In the event that the sentence of probation is revoked, the court is authorized to impose additional prison time. (Penal Law, § 60.01, subd 3.)
In a common class A misdemeanor sentencing situation, a youthful offender will be incarcerated for 60 days and will then remain on probation for 2 years and 10 months. If a condition of probation is thereafter violated, it is likely that probation will be revoked and a further jail sentence of up to four months may be imposed, keeping within the six-month limit required by subdivision (b) of section 60.02 of the Penal Law, the youthful offender has nonetheless been subjected to an additional sanction — a period of probation — over and above the six months’ incarceration.
In another common disposition a three-year term of probation may be imposed. The court may impose conditions and the probation department of the State may exert strict control over the lifestyle and liberty of a defendant during that entire period. This in itself may be more of a punishment than six months’ incarceration. The fact that during the three-year period a violation of probation may at any time occasion a sentence of incarceration of six months cannot be ignored.
That probation is, in effect, a criminal sanction is evident when one considers the extent to which sentence of probation substantially curtails liberty. Typical conditions of probation include considerable restriction of the offender’s freedom of movement and association, place of habitation and occupation, a requirement of close supervision by a probation officer, the threat of revocation for violation of any condition imposed by the court in the broad discretion conferred upon it by section 65.10 of the Penal Law.
In light of the significant restrictions on liberty that attend a sentence of probation, the mere possibility that a youthful offender could face probation in addition to six months’ im *678 prisonment undercuts the rationale for denying the mandatory youthful offender a right to a jury trial — that is, the built-in sentence limits of subdivision (b) of section 60.02 of the Penal Law.
Additional persuasive evidence that the Legislature regards probation as a serious sanction akin to punishment is found in provisions of the Penal Law. For example, in prescribing the length of periods of probation, subdivision 3 of section 65.00 distinguishes between the probation term for petty and serious misdemeanors so that the length of the probation term correlates with the maximum prison sentence for class A and B misdemeanors, one year for class B misdemeanors and three years for a class A misdemeanor. Further, subdivision 3 of section 60.01 provides that the penalty for certain felonies shall not consist solely of a fine, but requires that a fine be coupled with a sentence of imprisonment or probation, but not with a sentence of conditional or unconditional discharge. (Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 60.01.)
Therefore, to the extent that a youthful offender may be subjected to effective punishment that exceeds six months’ duration, the denial of jury trial under CPL 340.40 (subd 7) violates the Baldwin rule and is contrary to the Sixth Amendment jury trial requirement.
Turning to defendant’s equal protection argument, the court notes at the outset that the denial of a jury trial to mandatory youthful offenders and its continued availability to discretionary youthful offenders have been justified by the exposure of the latter group to a sentence in excess of the six-month limit prescribed by subdivision (b) of section 60.02 of the Penal Law. (Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 720.25.)
The court finds, however, that a more probing assessment of the statute’s system of "trade-off of rights” does not result in balanced treatment of the two classes of youthful offenders. Rather, the enforcement of the statute gives rise to the anomalous result that the discretionary youthful offender enjoys potentially a greater benefit than the youth with a clean record; the discretionary youthful offender can avail himself of the right to a jury trial, and if found guilty after trial, may still be eligible for youthful offender treatment; by contrast, the mandatory youthful offender only has the benefit of the limited sentence guarantee, whereas the right to a jury *679 trial is completely foreclosed unless he waives the statutory right to youthful offender protection — a result surely not intended by the drafters of the statute.
Moreover, this court finds unpersuasive the People’s argument that according mandatory youthful offenders a public jury trial would undermine the benefit of secrecy attending youthful offender treatment, since jury trials for discretionary youthful offenders have not presented a secrecy problem to the knowledge of this court. The question of secrecy is another problem which must be faced by the courts since unfortunately the required sealing of records is not as efficacious as it should be.
Moreover, the statute actually contemplates that in discretionary cases, defendants will seek jury trials and may, if convicted, still be eligible for youthful offender status — indicating that the primary purpose of youthful offender treatment is to permit the youth to avoid the stigma of a criminal conviction with the sealing of records an important but secondary consideration.
Finally, when one considers the protective, benevolent intent of the youthful offender statutory scheme, adopted in abrogation of the common law to accord favored treatment to young persons (People v Cook, 37 NY2d 591), the denial of a jury trial to mandatory youthful offender seems patently inconsistent with the legislative purpose. In effect, the statute takes away with one hand the benefits it confers with the other.
Surely as was recognized in People v Shannon (1 AD2d 226, affd 2 NY2d 792 [where general evidentiary standards were held applicable to youthful offender proceedings]), the benefits accorded by the youthful offender statute were intended as a supplement to, and not as a substitute for, other procedural protections guaranteed to adult defendants. However, by denying the right to trial by jury, CPL 340.40 (subd 7) does not provide mandatory youthful offenders with the full protections enjoyed by adults in criminal cases.
Moreover, that CPL 340.40 (subd 7) does not implement the Legislature’s benevolent intent is illustrated by the following: CPL 340.40 (subd 7) provides that a defendant who is charged with a misdemeanor in a local criminal court is entitled to a jury trial, unless the defendant is charged with a B misdemeanor in New York City. Accordingly, a defendant charged with a B misdemeanor in a local court outside New York has *680 the right to demand a jury trial, although a B misdemeanor is only punishable by a maximum of three months’ imprisonment. (Penal Law, § 70.15.)
Clearly, the Legislature in this instance extends to a class of defendants a more expansive jury trial right than required by the Supreme Court in Baldwin. However, it seems anomalous that the Legislature should treat this group of defendants more generously than the mandatory youthful offender who has a claim to special protection under CPL article 720 and who is exposed to a longer period of possible incarceration.
Based on the foregoing analysis, this court finds that CPL 340.40 (subd 7) violates the Fourteenth Amendment guarantee of equal protection of the law; its differentiation between mandatory and discretionary youthful offenders has no rational basis but, rather, discriminates against the group that has the strongest claim to statutory protection. Further, the statute deprives mandatory youthful offenders of the fundamental right to trial by jury, in violation of the Sixth Amendment, to the extent that such youthful offenders are exposed to effective punishments in excess of six months’ imprisonment.
Accordingly, defendant’s motion for an order declaring CPL 340.40 (subd 7) unconstitutional is granted.