OPINION OF THE COURT
Rose McBrien, J.
The defendants were initially arrested and charged with felonies. They were held for Grand Jury action after a preliminary hearing. Prior to the Grand Jury presentation, a motion, pursuant to CPL 180.40, was made by an Assistant District Attorney to return these cases to this court with the felony charges reduced to misdemeanors. Both defendants are 18 years old and neither has previously been convicted of a crime nor adjudicated a youthful offender. They now move in this court for a jury trial challenging the constitutionality of CPL 340.40 (subds 2, 7).
CPL 720.10 defines a "youth” as a person at least 16 years old but less than 19. Such "youth”, if not previously convicted of a crime, nor adjudicated a youthful offender, upon conviction of a crime in a local criminal court, must be adjudicated a youthful offender (CPL 720.20, subd 1, par [b]). A "mandatory youthful offender” must be tried by one Judge (CPL 340.40, subds 2, 7). The maximum authorized sentence of imprisonment for a mandatory youthful offender may not exceed six months (CPL 720.20, subd 3; Penal Law, § 60.02).
The constitutionality of mandatory youthful offender treatment is beyond dispute. In People v Drayton (39 NY2d 580) and Drayton v New York (556 F2d 644), both the State and Federal appellate courts held that it is constitutionally permissible for the State to have "discretionary” and "mandatory” youthful offender treatment based upon the severity of the offense and the prior criminal record of the defendant.
The defendants, however, urge that an authorized sentence of six months’ imprisonment plus the possibilities of probation for a term of three years and a fine renders their cases "serious” rather than "petty” as defined in Duncan v Louisiana (391 US 145) and Baldwin v New York (339 US 66). The defendants have misread the statutes involved. For a defendant to be sentenced to a term of imprisonment and probation, such term may not exceed 60 days (Penal Law, § 60.01, subd 2, par [d]). The defendant may be further incarcerated *287 for any probation violation. However, the aggregate period of imprisonment may not exceed six months. Accordingly, the defendants herein are charged with petty offenses by definition. The unavoidable conclusion is that CPL 340.40 (subds 2, 7) is constitutional on its face (see Drayton v Louisiana, supra, and Baldwin v New York, supra).
The defendants further urge this court to find CPL 340.40 (subds 2, 7) unconstitutional as applied to them. It is contended that if they were tried in the Supreme Court, they would be entitled to a jury trial regardless of whether the charges were felonies or misdemeanors. The court finds, however, the action taken by the Assistant District Attorney is fully authorized by statute (CPL 180.40). The gratuitous and unsupported allegation by the defense that the District Attorney moved to return these cases to Criminal Court solely to deny these defendants a jury trial is without merit. By returning these cases to the Criminal Court, the District Attorney has foregone any possibilities of convicting these defendants of felonies. In fact, since the defendants are mandatory youthful offenders, if convicted in this court, the District Attorney has foregone any possibilities of convicting them of a crime at all. If the District Attorney returned these cases merely to thwart a jury trial, he paid a high price indeed for his machinations.
If the defendants are desirous of a jury trial and willing to forego the benefits of receiving mandatory youthful offender treatments, this court suggests that they move in the Supreme Court to have these cases prosecuted by indictment pursuant to CPL 170.25. Before pursuing this course of action, however, the defendants should note that the Grand Jury is authorized to indict them for felonies if the evidence presented so warrants (CPL 190.65, subd 2).
Based on the afore-mentioned reasons, the defendants’ motion for a jury trial is denied in all respects. Further, these cases are to proceed to trial before one Judge of this court forthwith, if the defendants chose not to proceed pursuant to CPL 170.25.