*341 OPINION OF THE COURT
Hubert A. Richter, J.
Defendants, mandatory youthful offenders, pursuant to CPL 340.40 (subd 7) move to have this court declare said section of the law unconstitutional as depriving them of a jury trial.
The defendants challenging the law claim, quoting Judge Scancarelli in the case of People v Carolyn S. (92 Misc 2d 674, 675-676) that:
"CPL 340.40 (subd 7) requires a single Judge nonjury trial for a defendant who is accorded mandatory youthful offender status in a local criminal court proceeding. The Legislature justifies its denial to a class of defendants of the right to a jury trial by limiting the period of incarceration after a mandatory youthful offender adjudication to six months. (Penal Law, § 60.02, subd [b].) The significance of the six-month figure is consonant with the Supreme Court’s ruling in Baldwin v New York (399 US 66), wherein it was held that offenses punishable by a maximum of six months’ imprisonment were 'petty’ and thus did not fall within the ambit of the Sixth Amendment’s guarantee of a jury trial in all criminal cases.
Although CPL 340.40 (subd 7) appears consistent, on its face, with the Supreme Court’s interpretation of the scope of the jury trial right, the defendant challenges the statute on the following grounds: (1) the statute deprives the defendant of the fundamental right to a jury trial unless the defendant waives her right to the benefits conferred by mandatory youthful offender treatment; (2) the statute denies the defendant equal protection of the law, inasmuch as those defendants who may be granted youthful offender status in the discretion of a Judge of a local criminal court are entitled to a trial by jury.”
This court disagrees with Judge Scancarelli and denies to the defendants a jury trial. CPL 340.40 (subd 7) must be read in conjunction with CPL 720.20 (subd 1, par [b]) of said law and subdivision (b) of section 60.02 of the Penal Law.
The limit to which a Judge can sentence a mandatory youthful offender as defined by CPL 720.20 (subd 1, par [b]) is six months. (Penal Law, § 60.02, subd [b].) A discretionary youthful offender who is entitled to a jury trial may, however, be sentenced to an indeterminate term of imprisonment up to four years. The limit of a six months’ sentence to a mandatory youthful offender fully complies with the pronouncement of *342 the United States Supreme Court in the landmark case of Baldwin v New York (399 US 66).
The fact that the defendants may be placed on probation for a larger term than six months does not change this. Traditionally, and with good reason, probation can and often is of a longer duration than the prescribed period of incarceration for the crime. However, the sentencing Judge is limited to six months’ incarceration of the mandatory youthful offender whether the sentence is meted out directly after conviction or plea of guilty or after a violation of the terms of probation.
Some people question the wisdom of the youthful offender treatment in general. Ours is not to philosophize; but to decide. The difference in the type of trial and the sentence afforded a mandatory and discretionary youthful offender is a valid classification by the Legislature. To give one "a first chance” before a single Judge with a limitation on the sentence that Judge may impose not afforded to a second youthful offender is a proper and valid classification made by the Legislature. It does not violate the equal protection clause of the Constitution.
The classification with respect to mandatory and discretionary youthful offenders which denies a jury trial to the former while permitting it to the latter is additionally welded completely to the sentencing provisions of the Penal Law. Since the classification and the sentencing were meant to be and must be considered jointly, the challenge to the constitutionality of CPL 340.40 (subd 7) is met.
The defendants must be tried before a single Judge. However, each defendant will be afforded a hearing to determine if his constitutional rights were violated with respect to an alleged statement made by him at the time of his arrest.