OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered on February 28, 1978 (Kidder, J., at trial and sentence) modified, on the law, with respect to the sentence, and the matter is remanded to the court below for resentence in accordance with CPL 720.20, and, as so modified, affirmed.
Defendant’s appeal is predicated in part upon a constitutional attack upon CPL 340.40 (subd 7), which section constituted the statutory authority upon which the court below denied defendant’s request for a trial by jury. CPL 340.40 (subd 7) provides: "Notwithstanding any other provision of law, in any local criminal court the trial of a person who is an eligible youth within the meaning of the youthful offender procedure set forth in article seven hundred twenty and who has not prior to commencement of the trial been convicted of a crime or adjudicated a youthful offender must be a single judge trial” (emphasis added).
CPL 720.10 (subd 1) defines a "youth” as a person 16 to less than 19 years old. Where an eligible youth has neither been convicted of a crime nor found to be a youthful offender prior to the commencement of trial or entry of a plea of guilty, the court must find the person to be a youthful offender (CPL 720.20, subd 1, par [b]). Ordinarily, a class A misdemeanor is punishable by a term of imprisonment not exceeding one year (Penal Law, § 70.15). However, adjudication pursuant to CPL 720.20 (subd 1, par [b]) limits the period of incarceration to six months (Penal Law, § 60.02, subd [b]). In the case at bar, the defendant was 18 years old and without prior conviction or youthful offender adjudication at the time he was charged with the crime. Accordingly, defendant qualified for mandatory youthful offender treatment and thereby a maximum period of incarceration of six months. The defendant also fell within the class of persons to which CPL 340.40 (subd 7) pertains, and consequently was foreclosed from a trial by jury, CPL 340.40 (subd 7), mandating, as it does, a single-Judge trial, for those falling within its ambit.
*371 As to whether the defendant was entitled to a trial by jury as a matter of right, the United States Supreme Court, in Duncan v Louisiana (391 US 145), held that a defendant in a criminal case has the right to a trial by jury where a serious, rather than petty, crime is involved. The high court in Duncan v Louisana (supra) did not delineate between serious and petty offenses, other than finding that the possible two-year imprisonment of the defendant therein was sufficient to find the crime serious and thus warrant a jury trial pursuant to the Sixth and Fourteenth Amendments to the Constitution. Two years later, in Baldwin v New York (399 US 66), the Supreme Court did delineate the criterion whereby serious and petty offenses may be distinguished. The court, although considering a case wherein the defendant’s maximum possible prison term was one year, held that a serious crime, for which a jury trial is guaranteed, is a crime whereby conviction may bring an authorized maximum penalty of greater than six months.
On its face CPL 340.40 (subd 7) would appear to fit within the Baldwin v New York (supra) criterion, permitting denial of a jury trial, since section 60.02 of the Penal Law limits the period of incarceration for mandatorily adjudicated youthful offenders (that being the class of persons denied a jury trial by CPL 340.40 [subd 7] to six months [see Pitler, NY Grim Prac, § 7.37]).
Two post-Baldwin cases have considered the constitutionality of CPL 340.40 (subd 7), but have expressed divergent views. In People v Joseph M. (84 Misc 2d 1046) the court held CPL 340.40 (subd 7) constitutional. The opposite result was reached in People v Carolyn S. (92 Misc 2d 674). The court in People v Carolyn S. (supra) reasoned that although New York’s mandatory youthful offender scheme limits the initial penal sanction to six months’ imprisonment, the youthful offender is subject to an additional sanction, namely, a period of probation beyond the six months’ incarceration. The court therein found Baldwin v New York (supra) to be violated "[i]n light of the significant restrictions on liberty that attend a sentence of probation” (People v Carolyn S., supra, p 677).
Surely the United States Supreme Court was cognizant of the restrictions which probation places on one’s liberty, as was the court in People v Carolyn S. (supra). Still the high court, in both Duncan v Louisiana (391 US 145, supra) and Baldwin v New York (supra) distinguished between serious and petty *372 offenses essentially within the context of the potential maximum term of imprisonment. The construction offered in People v Carolyn S. (supra) appears to reach beyond the Supreme Court’s criterion in that that construction is based upon the consideration of not only the maximum term of imprisonment, but also probation time in delineating between serious and petty offenses. It is our conclusion that CPL 340.40 (subd 7) is in compliance with the standards promulgated by tfie Supreme Court.
Nor do we accept the finding in People v Carolyn S. (supra) that CPL 340.40 (subd 7) works a denial of equal protection to mandatory youthful offenders, insofar as they are automatically denied a jury trial. Only those persons charged with serious crimes are entitled to a jury trial. In accordance therewith, mandatory youthful offenders are denied a jury trial, as are adults or discretionary youthful offenders charged with crimes whereby conviction brings a maximum possible sentence of six months.
Defendant also contends that his guilt was not established beyond a reasonable doubt because the arresting officer’s testimony was controverted by the testimony of defendant and defendant’s mother. The verdict or decision on the facts must ordinarily be deemed conclusive and will not be disturbed unless it is clearly against the weight of the evidence (People v Atlas, 183 App Div 595, affd 230 NY 629). Moreover, credibility is an issue best left for the trier of facts (People v Walker, 59 AD2d 852). The weight of the evidence is not such that reversal is warranted.
Concur: Dudley, P. J., Tierney and Riccobono, JJ.