OPINION OF THE COURT
Irving Rader, J.
This is a proceeding brought to prohibit respondent, a Judge in the Criminal Court, from enforcing "an order directing that defendant, darry p., a person entitled to mandatory youthful offender treatment, receive a jury trial.”
Defendant Darry P., age 16, is charged in an information with petit larceny and criminal possession of stolen property arising out of an alleged purse snatching from Kathleen Whitty on March 18, 1978. Defendant is an eligible youth within CPL 720.10. Since both charges are misdemeanors, defendant is not entitled to a jury trial (CPL 340.40, subd 7). Defendant, nonetheless, moved before respondent Gartenstein for a trial by jury. Defendant claimed that CPL 340.40 (subd 7) violated his Sixth Amendment right to trial by jury and also violated his Fourteenth Amendment right to equal protection of the law.
In his opinion (People v Darry P., 96 Misc 2d 12), respondent granted the motion and declared CPL 340.40 (subd 7) unconstitutional. Respondent stated that the defendant’s Sixth Amendment rights, the principle governing the predicate nature of youthful offender finding, and the defendant’s right to treatment were violated by the statute. Petitioner then commenced this proceeding to prohibit respondent from enforcing his order.
The threshold question herein is whether a writ of prohibition is available to petitioner.
Petitioner claims he is entitled to protection because it is the "sole * * * remedy to redress the harm caused by respondent’s disregard of the statutory mandate”. In a reply affidavit, petitioner further claims that he is entitled to this relief because of the "ramifications of this decision which directly contravenes the espoused public policy of New York * * * [and] the compelling nature of the problem”.
In Matter of State of New York v King (36 NY2d 59), defendants moved for a directive entitling them to more than 20 peremptory challenges to veniremen in selecting a jury, a number in excess of that authorized by statute. The trial court granted defendants’ motion and ruled that defendants were *256 entitled to 30 challenges. However, it denied the People an equal number of challenges, and permitted them only 20 peremptory challenges. The People claiming that the determination was nonappealable sought a writ of prohibition. In denying the writ, the court said (at pp 62-63), "It is equally clear, however, that nonreviewability by way of appeal alone, does not provide a basis for reviewing error by collateral proceeding in the nature either of prohibition or mandamus [citations omitted].” (Emphasis supplied.)
Prohibition is available only when " 'a court * * * acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction’ ”. (Matter of Steingut v Gold, 42 NY2d 311, 315.) Even "constitutional issues involving errors of substantive or procedural law are not cognizable by way of prohibition”. (La Rocca v Lane, 37 NY2d 575, 580; Matter of Blake v Hogan, 25 NY2d 747.) Clearly, respondent had subject matter jurisdiction over the issues. Thus, if prohibition is to be found, respondent must have acted in excess of his power. As stated in La Rocca v Lane (supra, at p 580), "there is no sharp line between a court acting in error under substantive law or procedural law and a court acting in excess of its powers”.
In determining whether or not respondent acted in excess of his power or merely committed an error in substantive or procedural law, the court is guided by the principle that an inferior court should exercise restraint in declaring a statute unconstitutional (Matter of Van Berkel v Power, 16 NY2d 37; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545; People v Estrada, 80 Misc 2d 608). When a court does not exercise such restraint and rules a statute unconstitutional where there is a rational basis for its constitutionality, it would appear to be a proper subject of prohibition (Matter of Vergari v Kendall, Index No. 544, Jan. 5, 1978, Supreme Ct, Westchester County).
Nonetheless, prohibition is not mandatory but is discretionary with the court (La Rocca v Lane, supra). In determining whether to exercise its discretion, this court considers the gravity of the harm, the remedies which may be available to petitioner, and the magnitude of the problem (La Rocca v Lane, supra).
The court finds that respondent, in directing a jury trial in contravention of the statute and where no constitutional *257 right exists, acted in excess of his power, and the granting of a writ of prohibition is proper.
The right to trial by jury is guaranteed by the Sixth Amendment to the Constitution. In Duncan v Louisiana (391 US 145), the court held that the Fourteenth Amendment guaranteed to defendants in State criminal trials the right to jury trial provided in the Sixth Amendment. The right to jury trial is not absolute. It does not extend to "petty” offenses (District of Columbia v Clawans, 300 US 617; Frank v United States, 395 US 147; Baldwin v New York, 399 US 66; Cheff v Shnackenberg, 384 US 373). The issue facing this court is to distinguish between petty and serious offenses, and to determine into which category youthful offender treatment belongs.
In Callan v Wilson (127 US 540, 557), the court defined "petty” offenses as those "which, according to common law, may be proceeded against summarily”. Thereafter, in District of Columbia v Colts (282 US 63), the court stated (at p 73), "Whether a given offense is to be classified as a crime, so as to require a jury trial, or as a petty offense triable summarily without a jury, depends primarily on the nature of the offense.” In District of Columbia v Clawans (supra), the court stated (at p 630), "We cannot say that this penalty, when attached to the offense * * * gives it the character of * * * a major offense.” Thus, the court adopts a nature of offense and penalty standard. In Baldwin v New York (supra, p 68), the court refined this standard by calling punishment "the most relevant” criterion. Coming full circle the court, in Codispoti v Pennsylvania (418 US 506, 512) stated "our decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes.” Thus, the court apparently sets a six months’ period of incarceration standard. Those crimes which carry a maximum period of six months or less are petty and those carrying a longer incarceration period are serious. However, in Ludwig v Massachusetts (427 US 618, 629), the court said, "Our disposition * * * does not require us to disturb the holding in Callan v Wilson, 127 U. S. 540 * * *. The Court announced: 'Except in that class or grade of of-fences called petty offences, which, according to the common law, may be proceeded against summarily’ ”. The court cited with approval the standard first enunciated in Callan v Wilson (supra).
*258 The courts appear to be divided on whether the "six months” period of incarceration standard or whether the common-law treatment or nature of offense and punishment standard is the law today. The following cases decided after Codispoti (supra) apparently adopt the "six month” period of incarceration standard: State of Nebraska v Young (194 Neb 544); State of Florida v Webb (335 So 2d 826 [Fla]); City of Tampa v Ippilito (360 So 2d 1316 [Fla]); Justiniano Matos v Gaspar Rodriguez (440 F Supp 673); United States v F M C Corp. (428 F Supp 615); People v Trotman (98 Misc 2d 340); People v Joseph M. (84 Misc 2d 1046); People v Gray (97 Misc 2d 285); and Mr. Justice Blackmun in Scott v Illinois (440 US 367, 389, 390). On the other hand, the following cases apparently adhere to either "common law” treatment or nature of offense plus punishment standard: City Ct. of City of Tucson v Lee (16 Ariz App 449 [cf. Goldman v Kautz, 111 Ariz 431]); Parham v Municipal Ct. of City of Sioux Falls (86 SD 531); Baker v City of Fairbanks (471 P2d 386 [Alaska]); United States v Davis (430 F Supp 1263); Brady v Blair (427 F Supp 5); United States v Newberne (427 F Supp 361); United States v Woods (450 F Supp 1335): United States v Merrick (459 F2d 644, n 4); United States v Stewart (568 F2d 501); United States v Sanchez-Meza (547 F2d 461 [cf. United States v Hamden, 552 F2d 276]); United States v Morrison (425 F Supp 1235); Raines v State of Alabama (552 F2d 660); Matter of Felder (93 Misc 2d 369); and Mr. Justices Brennan, Marshall and Stevens in Scott v Illinois (supra, at pp 380-381 "Moral stigma test”).
The court believes that the dichotomy may be explained as follows: Where the crime is malum prohibitum, then the "six mónth” period of incarceration standard applies; however, where a crime is malum in se, the common-law treatment or nature of offense plus punishment standard should be applied (see United States v Newberne, supra; United States v Woods, supra; see, also, McQuillan, A Judge’s Reply to Curb on Jury Trials, NYU, June 1, 1979, p 1, col 2).
The court finds that the crime of petit larceny is one which is malum in se. It will, thus, apply the common-law treatment or nature of offense plus punishment test to this matter.
As to common-law treatment — "the common law * * * treated infant offenders in the same manner as adults” (People v Cook, 37 NY2d 591, 595). Thus, trial without jury for *259 youths charged with a crime was prohibited. However, the common law did not have any category of youthful offenders.
As to the nature of the offense — youthful offender treatment is not a judgment of conviction for a crime (CPL 720.35; People v Cook, supra). "The primary advantage of such treatment [youthful offender] is the avoidance of the stigma and practical consequences which accompany a criminal conviction”. (People v Cook, supra, p 595.) Also, all books, records and papers must be sealed and are only available under special circumstances (CPL 720.35, subd 2). On the other hand, the underlying facts of a particular youthful offender adjudication are considered "vicious, immoral, or illegal act[s]” so as to permit cross-examination of a defendant about such acts in order to impeach his credibility (People v Cook, supra, p 595; People v Schwartzman, 24 NY2d 241; People v Kass, 25 NY2d 123). Further, youthful offender treatment once granted cannot automatically be given again (CPL 720.10, subd 2, par [c]). It appears that since the offense is not criminal in nature, on balance, the nature of the offense is such as to permit summary proceedings.
As to the "most relevant factor” punishment — by the standards set forth under Federal statute, and those espoused by the court in Codispoti (supra), the six months’ maximum incarceration would be sufficient to categorize the offense as petty. The fact that probation can be given to a youthful offender does not change the offense from petty to serious (Frank v United States, 395 US 147, supra).
As stated by the court in Raines v State of Alabama (552 F2d 660, 665-666, supra), "Based on the purposes of and substantive measures in the Act, we cannot say that our deference is unwarranted. Accordingly, we hold that the principles of McKeiver [McKeiver v Pennsylvania, 403 US 528] extend to the * * * Youthful Offender Act and that no constitutional right to a jury trial attaches * * ' * [to] youthful offender determination.” The court further stated (at p 666), "Counting and comparing, then, is not the solution * * * [T]he states are entitled to leeway in designing procedures to deal with specialized problems, such as the problem of the youth offender, as to the propriety, vel non, of providing a jury trial in those proceedings.”
The court finds that CPL 340.40 (subd 7) does not violate defendant’s Sixth Amendment right to trial by jury, as the crime alleged is a "petty” offense.
*260 The respondent further argues that we should not sanction the "tailoring” of a statute to meet constitutional objections. The court cannot agree. In Taylor v Hayes (418 US 488), during a murder trial, defendant was informed of nine different occasions that he was in contempt of court. At the conclusion of the trial, defendant was sentenced to consecutive sentences aggregating to almost four and a half years of imprisonment, including sentence of one year each on two counts. Subsequently, the lower court modified its own sentence, dismissing one contempt count, and reducing the sentence on the remaining counts to six months’ incarceration on each without stating whether they were to run concurrently or consecutively. The Kentucky Court of Appeals further reduced the sentences so that all sentences would run concurrently. In approving this procedure the court said (at p 496), "It is argued that a State should not be permitted, after conviction, to reduce the sentence to less than six months and thereby obviate a jury trial. The thrust of our decisions, however, is to the contrary”. If a court may "tailor a sentence” after its pronouncement to meet constitutional objections, a Legislature has the power to enact statutes which remove prospective constitutional objections.
Having found that the defendant is not constitutionally entitled to a jury trial, respondent’s argument that the predicate nature of a youthful offender renders the statute unconstitutional must also fall. As conceded by respondent in his decision, "The concept of a predicate crime forming the basis for different treatment and/or punishment of a defendant has been upheld [citations omitted]. But basic to those holdings is the proposition that in order to serve as a predicate crime, an underlying conviction or finding must have been constitutionally rendered [citations omitted]” (People v Darry P, 96 Misc 2d 12, 26, supra). The statute conforming to constitutional dictates can be used as a predicate for different treatment.
Respondent’s argument that the statute violates defendant’s constitutional "right to treatment” is without merit. The right to treatment applies only where the State seeks to incarcerate a person through noncriminal procedures for noncriminal acts for the purpose of treatment (see Wyatt v Sticknoy, 325 F Supp 781). As stated in Donaldson v O’Connor (493 F2d 507, 521, revd on other grounds 422 US 563), "The key point of the first part of the theory of a due process right of treatment is that * * * the rationale for confinement is the *261 'parens patriae’ rationale that the patient is in need of treatment”. The youthful offender statute does not seek as "parens patriae” to incarcerate a person for treatment, as do the juvenile acts, but to incarcerate him for his illegal activity.
As to defendant Darry P.’s equal protection argument, suffice it to say that the case of People v Drayton (39 NY2d 580) is controlling. In that case, the Court of Appeals upheld the youthful offender statute as not being violative of the equal protection of the law clause of the Constitution.
Respondent having failed to prove beyond a reasonable doubt that the statute is unconstitutional, the writ of prohibition is granted, and the stay is vacated.